**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TYSHA S. HOLMES, | DOCKET NUMBERS |
| Appellant, | AT-0752-11-0263-C-1 |
| | AT-0752-11-0263-X-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE:  January 15, 2025 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Evan Greenstein</u>, Esquire, Washington, D.C., for the appellant.

<u>Robert J. Barham</u>, Esquire, and <u>Jerrod Fussnecker</u>, Esquire, Fort Jackson,
South Carolina, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

This matter is before the Board pursuant to the Board's April 15, 2022 compliance Order, which granted the agency's petition for review and denied the appellant's cross petition for review of a July 21, 2016 compliance initial decision on the appellant's petition for enforcement. *Holmes v. Department of the Army*,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

MSPB Docket No. AT-0752-11-0263-C-1, Order (Apr. 15, 2022); *Holmes v. Department of the Army*, MSPB Docket No. AT-0752-11-0263-X-1, Compliance Referral File (CRF), Tab 1; *Holmes v. Department of the Army*, MSPB Docket No. AT-0752-11-0263-C-1, Compliance File (CF), Tab 12, Compliance Initial Decision (CID).  For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE**

On January 2, 2013, the administrative judge issued an initial decision reversing the agency's removal action in the appellant's underlying appeal.  Order, ¶ 3.  The initial decision directed the agency to make interim relief payments.  *Id.*  The agency filed a petition for review, and the Board remanded the initial decision, finding in part that the appellant was not entitled to interim relief because she was receiving Office of Worker's Compensation Program (OWCP) benefits.  *Id.*

During these proceedings, the appellant filed a petition for enforcement, asserting that the agency had initiated an action to recoup interim relief payments made to appellant under a Board Order.  *Id.*, ¶ 4.  In the compliance initial decision, the administrative judge found that, from January 13, 2013, through December 13, 2013, the appellant received both interim relief payments and OWCP benefits and that she thus was not entitled to retain the interim relief payments, but, from December 14, 2013, through July 9, 2014, the appellant received only interim relief benefits, which the agency could not recoup.  *Id.*  The compliance initial decision granted the petition for enforcement in part and denied it in part, and ordered the agency to halt any efforts to recoup interim relief payments for the period between December 14, 2013, and July 9, 2014, and to inform the Defense Finance and Accounting Service (DFAS) to do the same.  CID at 5-6.

The agency filed a petition for review, and the appellant filed a cross-petition for review of the compliance initial decision.[2]  Order, ¶ 5.  The Board affirmed the compliance initial decision's finding as modified to correct the relevant dates.  Specifically, the Board modified the compliance initial decision to state that the appellant improperly received both interim relief payments and OWCP benefits from January 2, 2013, through December 14, 2013.  Order, ¶ 6.  The Board also found that the appellant properly received only interim relief benefits from December 15, 2013, through July 9, 2014, which the agency could not recoup.  *Id.*, ¶ 7.  In the Order, the Board directed the agency to submit evidence of compliance and docketed the instant compliance referral matter to adjudicate the remaining issues.  Order, ¶¶ 12-13.

On June 13, 2022, the agency filed a Statement of Compliance, stating in part that it had provided DFAS with a copy of the April 14, 2022 Board Order, and informed DFAS that DFAS should not seek recoupment of any interim relief payments made to the appellant during the period from December 15, 2013, through July 9, 2014.  CRF, Tab 3 at 4-6.  The agency also submitted, among other items, its memorandum to DFAS regarding the April 14, 2022 Board Order and a declaration from a Senior Assistant Counsel in the DFAS Office of the General Counsel at DFAS, confirming that DFAS had stopped any efforts to recoup the interim relief payments during the relevant period.  *Id.* at 7-39.

After several requests for extension, the appellant filed her response to the agency's statement of compliance on August 9, 2022, contending in part that the agency's statement did not include a calculation of the appellant's debt related to the interim relief she received during the time period between January 2 and December 14, 2013, and requesting sanctions.  CRF, Tab 9 at 6-8.

---

[2] At the time, the Board's regulation expressly allowed a party to file a cross petition for review.  5 C.F.R. § 1201.114 (2023).  The Board revised this regulation, effective October 7, 2024, removing references to a cross petition for review but still allowing both parties to file a petition for review.  5 C.F.R. § 1201.114.

On March 25, 2024, the Clerk of the Board issued an Order directing the agency to provide the Board with:

> (1) a narrative statement with citation to specific evidence explaining how the agency calculated the amount of the appellant's debt resulting from the interim relief payments from January 2 to December 14, 2013; and (2) evidence of the amount that the agency has recouped from the appellant relating to the interim relief during that time period.

CRF, Tab 11 at 2.

On April 12, 2024, the agency filed a supplemental statement of compliance entitled, "Response to 04 12 2024 Order," responding to the March 25, 2024 Order. CRF, Tab 12. The agency provided a declaration from J.S. of DFAS (J.S. Declaration) with a narrative explanation of the calculation of the appellant's debt, a one-page summary of the appellant's debt, and a settlement workbook supporting the debt calculation. *Id*. at 10-44. On July 2, 2024, the appellant filed a reply to the agency's April 12, 2024 submission. CRF, Tab 23.

## ANALYSIS

The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[3] *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id*.

Here, the agency has provided a narrative and spreadsheets with detailed information for the relevant time period, explaining how the appellant's debt was calculated. CRF, Tab 12. The agency also provided information as to the appellant's returned checks and how those amounts offset the appellant's debt.

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

*E.g., id.* at 33. Finally, DFAS stated that the collection of the debt has been on hold until the resolution of this matter. *Id.* at 15.

The appellant makes several arguments regarding the agency's alleged noncompliance. First, the appellant contends that the agency has failed to properly set forth "the gross amount owed; do not, explain deductions, reductions, and offsets; does not set forth evidence of checks or electronic payments and does not clearly explain interest. . . ." CRF, Tab 23 at 6 (citing *Bruton v. Department of Veterans Affairs*, 111 M.S.P.R. 489, 496 (2009)). However, *Bruton* sets forth compliance requirements with respect to back pay awards, while in the instant case, the issue is the amount of the debt the appellant owes to the agency for improper interim relief payments. The Board directed the agency to explain how it calculated the debt owed by the appellant; in response, the agency has set forth the gross amount owed by the appellant as $26,401.59, detailed how that debt accrued, and explained the offsets created by the appellant's returned checks. CRF, Tab 12 at 10-17.

The appellant also argues that the agency failed to explain a debt of $4,509, which "was reported to the Transunion Credit Bureau." CRF, Tab 23 at 6. In the J.S. Declaration, however, J.S. specifically refers to a debt of $4,509.71 (CRF, Tab 12 at 14), which represented a combined debt for 19 pay periods, from the pay period ending March 19, 2013, to the pay period ending November 16, 2013 (Debt Sequence Numbers 00007 and 00009), offset by checks returned by the employee. CRF, Tab 12 at 11-12, 14. This debt was valid but not sent to the collection division at DFAS. *Id.* at 14.

The appellant further challenges the agency's explanation of a debt for social security and Medicare tax ("FICA"), which the agency initially paid on behalf of the appellant, arguing that the appellant should not be responsible for "a debt that was apparently accrued through no fault of her own." CRF, Tab 23 at 7-8. However, 26 C.F.R. §31.6205-1(d)(1) provides for a situation in which FICA tax has been undercollected, stating that the "the obligation of the employee to the

employer with respect to the undercollection is a matter for settlement between the employee and the employer." The appellant provides no specific challenge to the amount of FICA the agency paid on her behalf. Accordingly, the agency has proven by a preponderance of the evidence that it properly seeks this debt for the FICA tax it paid for the appellant. CRF, Tab 12 at 13.

Further, the appellant generally argues that "[the a]ppellant and her counsel do not understand the figures and data cited" and that the agency has not made its assertions with "reasonable clarity and precision."[4] CRF, Tab 23 at 5-6. She also challenges the sufficiency of the agency's evidence, stating that it did not provide a cited Standard Form 50, a certain returned check, or evidence that the debt collection has been on hold. *Id.* at 7-8. The agency has, however, provided detailed spreadsheets and explanations of the appellant's debt, proving by a preponderance of the evidence that it is in compliance with the Board's orders. The appellant provides no specific challenges to the agency's calculations; nor does she argue that she returned additional amounts that the agency has not accounted for by offsetting her debt. Accordingly, we find the agency in compliance.

Finally, regarding the appellant's request for sanctions, we deny the request. The Board's sanction authority is limited to the sanctions necessary to obtain compliance with a Board order. *Mercado v. Office of Personnel Management*, 115 M.S.P.R. 65, ¶ 8 (2010) (stating that the Board's ability to award sanctions is a means to enforce compliance, and once compliance has been demonstrated, it would be inappropriate to impose sanctions). Because the agency has complied with the Board's orders, we are without authority to impose sanctions in this matter.

---

[4] The appellant also claims that "Exhibit B" to the J.S. Declaration "contains no discernable information." CRF, Tab 23 at 7. Although Exhibit B is not labelled, the J.S. Declaration and the agency's supplemental statement of compliance make it clear that Exhibit B is the settlement workbook attached to the J.S. Declaration, from pages 18 to 41 of the agency's submission. *See* CRF, Tab 12 at 5, 10.

In light of the foregoing, we find that the agency is in compliance with its outstanding compliance obligations and dismiss the appellant's petition for enforcement. This is the final decision of the Merit Systems Protection Board in these compliance proceedings. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS[5]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in

part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>.** This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9) (A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                         _____

                                       Gina K. Grippando
                                       Clerk of the Board

Washington, D.C.